**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **OTIS DONALD,** | ) | **CASE NO. 1:10 CV 1152** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **BOB REID,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Otis Donald filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Bob Reid, and Cuyahoga County Prosecutor William D. Mason. In the complaint, plaintiff alleges that the new registration requirements of Ohio's Adam Walsh Act, Ohio Revised Code §2950 ("AWA"), violates the constitutional prohibition against *ex post facto* laws, subjected him to double jeopardy, and denied him due process and equal protection. He seeks monetary damages and injunctive relief. Mr. Donald also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Mr. Donald was convicted in 2000 of sexual battery and was sentenced to three years probation. He was declared to be a sexually oriented offender under the Ohio Megan's Law and was required to register with the sheriff of his county of residence for a period of ten (10) years.

He claims he complied with those requirements.  Upon the enactment of Ohio's Adam Walsh Act (S.B.10) (hereinafter, the "AWA"), codified at Ohio Revised Code §2950, Mr. Donald was reclassified as a "Tier III Sex Offender" and is required to register every 90 days for the remainder of his life.  As a Tier III offender, he now is also subject to community notification.  Mr. Donald claims the increased requirements of the AWA constitute an *ex post facto* violation and subject him double jeopardy.  He also contends he was denied due process and equal protection.

### **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed without prejudice pursuant to §1915(e).

### **DISCUSSION**

Ohio enacted its first sexual offender registration statute in 1963.  *See* former OHIO REV. CODE § 2950, 130 Ohio Laws 669; *State v. Cook*, 83 Ohio St.3d 404, 406 (1998).  The statute was amended in 1996 with House Bill 180 ("H.B.180") (effective July 1, 1997), which like its

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

counterparts in other states, is termed "Megan's Law" in memory of Megan Kanka, a 7-year-old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor. The Ohio Megan's Law modified existing sex offender classifications and registration requirements, and classified those individuals convicted of sexual offenses as "sexually oriented offenders," "habitual sex offenders," and "sexual predators." Classification as a "sexually oriented offender" occurred by operation of law, and carried the least restrictive registration requirements. A "sexually oriented offender" was required to register with the sheriff in the counties of his/her residence, employment, and school annually for a period of ten years. This registration was not subject to community notification, and as such, the information the offender was required to provide to the sheriff was not shared with the public. Classification as a "habitual sex offender" or a "sexual predator" was accomplished through a court hearing during which the offender was provided with counsel. An individual classified as a "habitual sexual offender"or a "sexual predator" was required to register his or her addresses annually for 20 years. The "sexual predator" was always subject to the community notification provisions. A "habitual offender" was subject to community notification on a case by case basis. In those cases where notification was imposed, the sheriff provided all neighbors residing within 1,000 feet of the offender's residence with the offender's name, address, offense of conviction, classification, and photograph. An offender's failure to comply with the terms of Megan's Law subjected the offender to felony criminal prosecution.

The AWA, enacted on June 30, 2007, Ohio House Bill 10, amended Ohio's version of Megan's Law, by restructuring the offender classification scheme and modifying registration and community notification requirements. The AWA now classifies offenders by statute as "Tier I," "Tier II," and "Tier III" based solely on the offense of conviction. No consideration is given to the

offender's risk to the community or likelihood of recidivism. The AWA also classifies in its tier system individuals who committed non-sexually oriented crimes against minors. A Tier I offender is required to register with the sheriff in the counties of his or her residence, employment, and school annually for 15 years. A Tier II offender is required to register every 180 days for 25 years. A Tier III offender is required to register every 90 days for life. In addition, all offenders are now required to submit their name, aliases, social security number, date of birth, name and address of employer, name and address of school, if any, photograph, copies of travel and immigration documents, license plate numbers for each vehicle owned, driven for work or regularly available to the offender, description of location where all such vehicles are stored, driver's license number or state ID number, description of each professional and occupational license, permit or registration held by the offender, and any email addresses, internet identifiers or telephone numbers registered to or used by the offender. All Tier III offenders are also subject to community notification under the AWA, regardless of his or her previous notification status. Moreover, all individuals convicted of sexually oriented offenses are now subject to expanded residency restrictions which prohibit the offenders from residing within 1,000 feet of a school, preschool, or day care facility. The AWA provides prison terms of up to ten years for failing to register or verify an address. It applies retroactively to all offenders who had a duty to register under Megan's Law as of July 1, 2007.

*Official Capacity Claims for Damages*

Mr. Donald asserts claims for damages against the current Cuyahoga County Sheriff and Prosecutor. He does not indicate the capacity in which he sues each of these defendants. To the extent he is suing these defendants in their official capacities, his claims must be dismissed. An official capacity damages action against a state or municipal officer is the equivalent of a damages

liability litigation targeted against the public entity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Consequently, Mr. Donald's official capacity federal claims against the Cuyahoga County Sheriff and Prosecutor are redundant, as they are all asserted against Cuyahoga County. *Id.*

As a rule, local governments may not be sued under 42 U.S.C. § 1983 unless it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of Cuyahoga County which may have resulted in the deprivation of a federally protected right of the plaintiff. Mr. Donald objects to the content of a state statute which mirrors a federal statute. No county policy, regulation or ordinance is involved in the AWA sexual offender registration requirements.

*Individual Capacity Claims for Damages*

To assert a claim against the Sheriff and the Prosecutor in their individual capacities, Mr. Donald must clearly show that each of the Defendants was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Reid was not the Sheriff when Mr. Donald received notice of his classification under the AWA. Mr. Donald simply states that Mr. Reid "enforces his predecessor's wretched affrontment of Plaintiff's rights... ." (Compl. at 3.) He claims Mr. Mason "is the ringleader of this circus act." (Compl. at 3.) He then states that "Mason launched a complaint to retroactively applied [sic] Senate Bill 10's standards to offenders already subject to House Bill 180 standards." He provides no additional

-5-

facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* Mr. Donald essentially asserts that the retroactive application of the AWA to persons convicted prior to its effective date violates his constitutional rights. He does not provide allegations sufficient to hold these Defendants individually liable for these violations.

Moreover, even if Mr. Donald had alleged that Mr. Mason was personally involved in his reclassification under the AWA, he could not proceed with an action for damages against this defendant. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting

attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  In this case, the alleged actions of Cuyahoga County Prosecutor William Mason were all intimately associated with his representation of the State.  Consequently, Mr. Mason is entitled to absolute immunity.

*Injunctive Relief*

Finally, to the extent Mr. Donald asks this Court to enjoin the classification and application of the AWA, he fails to bring a claim upon which relief can be granted against these defendants.  Unlike Megan's Law, the AWA classifies offenders based solely on the offense of conviction.  No consideration is given to the offender's risk to the community or likelihood of recidivism.  The Ohio Attorney General, not the county sheriff or prosecutor, is given the duty of reclassifying any previously classified sexual offenders.  OHIO REV. CODE § 2950.032(A)(1).  By statute, this reclassification occurs without a hearing because there are no mitigating factors to consider. Because classification is solely the duty of the Ohio Attorney General, the Court cannot compel the County Prosecutor and the County Sheriff to classify or declassify Mr. Donald in any way. *See Weaver v. Ferrero*, No. 5:08 CV 1169 (N.D. Ohio Oct. 7, 2008)(Lioi, J.).  Moreover, the

Court cannot compel the Ohio Attorney General to act because he is not a party to this suit.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/9/10

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-